UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


LEONARD ANTHONY CARRILLO et al.                                              PLAINTIFFS


v.                                                                    NO. 3:13-CV-01039-CRS


CSX TRANSPORTATION, INC. et al.                                              DEFENDANTS


**MEMORANDUM OPINION**

This matter is before the court on a motion to remand filed by the plaintiffs, Leonard Anthony Carrillo and Gregory Powers (collectively, "Plaintiffs"), against the defendants, CSX Transportation, Inc. ("CSXT"), the Center for Toxicology and Environmental Health, LLC ("CTEH"), Paducah & Louisville Railway, Inc. ("P&L Railway"), P&L Transportation, Inc., Four Rivers Transportation, Inc. ("Four Rivers"), and RAE Systems, Inc. (collectively, "Defendants"). (DN 18). Also before the court is Defendants' motion to dismiss or, in the alternative, to transfer the action to Judge Thomas B. Russell. (DN 45). Having been fully briefed, these matters are now ripe for adjudication.

**I.**

This action arises from an explosion that occurred during a train derailment clean-up project in Jefferson County, Kentucky on October 31, 2012. Plaintiffs have alleged that they were severely injured as a result of the explosion. At the time of the incident, Plaintiffs were employed by RJ Corman Railroad Group ("Corman"). Plaintiffs allege that Corman contracted

with Defendants CSXT, Four Rivers, P&L Railway, and P&L Transportation (hereinafter, the "Railroad Defendants") to assist with the derailment cleanup.

On February 20, 2013, Plaintiffs filed separate lawsuits[1] in Illinois state court against CSXT, CTEH, P&L Railway, P&L Transportation, and Four Rivers alleging common law negligence. (*Carrillo et al. v. CSX Transportation, Inc. et al.*, Case No. 3:13-CV-01203-TBR, DN 81, p. 1) (hereinafter, "Suit I"). Defendants removed the action to the United States District Court for the Southern District of Illinois, and then moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the action to the Western District of Kentucky. (*Id.*). After the action was removed to the Southern District of Illinois, Plaintiffs filed a motion to amend the complaint to include claims under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 *et seq.* ("FELA").

While these motions were pending before the Southern District of Illinois, Plaintiffs filed a "protective lawsuit" in Jefferson County, Kentucky, Circuit Court on October 18, 2013 (hereinafter, "Suit II"). (DN 1-1). This action is virtually identical to Suit I, in that Plaintiffs named the same parties as defendants (with the addition of RAE Systems) and brought the same common law negligence claims that they brought in Suit I, in addition to claims against the Railroad Defendants under FELA. Plaintiffs brought this action in the event that the statute of limitations ran on their FELA claims before the Illinois court granted their motion to amend. On October 21, 2013, Defendants removed Suit II to this court on the basis of diversity jurisdiction.[2] (DN 1).

---

[1] These separate actions were consolidated on April 24, 2013. (Suit I, DN 42).
[2] It is undisputed that the parties are diverse and the amount in controversy exceeds the jurisdictional threshold. Plaintiffs are citizens of Illinois, and no Defendant is a citizen of Illinois: CSXT is a citizen of both Virginia and Florida; CTEH is a citizen of Arkansas; P&L Railway is a citizen of Kentucky; P&L Transportation, f/k/a Four Rivers, is a citizen of Delaware; and RAE Systems is a citizen of Delaware and California. (DN 1).

On December 11, 2013, the Southern District of Illinois transferred Suit I to the Western District of Kentucky. (Suit I, DN 44). The case was assigned to Judge Thomas B. Russell. (Suit I, DN 46). Judge Russell denied Plaintiffs' motion to re-transfer the case to the Southern District of Illinois. (Suit I, DN 76). However, on April 30, 2014, he granted Plaintiffs' motion to dismiss Suit I without prejudice pursuant to Federal Rule of Civil Procedure 41. (Suit I, DN 81). Judge Russell determined that dismissal of Suit I was appropriate, given that the "protective lawsuit" before this court "names all allegedly responsible parties and that the expiring statute of limitations prevents inclusion of such parties in [Suit I]." (*Id.* at 2–3).

## II.

Pending before this court are Plaintiffs' motion to remand the action to Jefferson Circuit Court (DN 18) and Defendants' motion to dismiss Suit II or, alternatively, to transfer the action to Judge Russell (DN 45). We will first address Plaintiffs' motion to remand.

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Removal under § 1441 is subject to § 1445, which expressly bars the removal of certain types of actions, including those arising under FELA. Specifically, § 1445(a) provides that "[a] civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60) [FELA], may not be removed to any district court of the United States." 28 U.S.C. § 1445(a).

Plaintiffs argue that this action was improperly removed because § 1445(a) prohibits the removal of FELA actions that are originally filed in state court. They also argue that the forum-defendant rule of § 1441(b)(2) is a bar to removal. In an attempt to circumvent the application of § 1445(a)'s anti-removal provision, Defendants argue that: (1) Plaintiffs waived their right to

invoke § 1445(a)'s protections when they raised FELA claims before the Southern District of Illinois in Suit I; (2) the FELA removal bar of § 1445(a) does not apply because Plaintiffs brought claims against non-railroad defendants; and (3) Plaintiffs fraudulently pleaded FELA claims so as to avoid removal. The court will address each of these arguments in turn.

Defendants first argue that Plaintiffs waived their right to invoke the § 1445(a) removal bar when they sought leave from the Southern District of Illinois to amend their complaint in Suit I to include claims under FELA. The Sixth Circuit has held that a plaintiff bringing claims under FELA may waive his or her "personal privilege" to select a state forum. *Carpenter v. Baltimore & Ohio R.R. Co.*, 109 F.2d 375, 379–80 (6th Cir. 1940) (addressing the predecessor to 28 U.C.S. § 1445(a)). However, this case, as well as the cases Defendants cite for the waiver principle, is factually and legally distinguishable from the instant action. *See Courville v. Texaco, Inc.*, 741 F. Supp. 108 (E.D. La. 1990) (finding that the plaintiffs waived their right to seek remand when they originally filed and prosecuted an action in Louisiana federal court, and then sought remand after that action was consolidated with a separate Texas state court action); *In re Moore*, 209 U.S. 490 (1908) *abrogated by Ex parte Harding*, 219 U.S. 363 (1911) (holding, as a general principle, that a plaintiff is deemed to have waived his right to seek remand and has consented to federal court jurisdiction when he appears in the federal court after removal and submits to its jurisdiction); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525 (8th Cir. 1996) (discussing waiver in a non-FELA context); *Legal Aid Soc'y v. City of New York*, 1998 WL 689950 (S.D.N.Y. Sept. 30, 1998) (same).

In contrast with these cases finding waiver, Plaintiffs in the present action originally filed their suit in state court and, once the action was removed, timely sought remand. They have not taken any action to prosecute their case in this court, nor can they be said to have consented to its

jurisdiction. The action that Defendants claim to have given rise to the alleged waiver is Plaintiffs' filing of a motion for leave to amend the complaint in Suit I to include claims under FELA. This action occurred in a separate proceeding before a different federal court. It does not follow that by seeking leave to amend from the Illinois federal court in Suit I, Plaintiffs consented to federal jurisdiction in Suit II and thereby waived their right to seek remand in this separate action. Thus, we reject Defendants' arguments regarding waiver.

Defendants next argue that the FELA removal bar does not apply to actions in which a plaintiff brings claims against both railroad and non-railroad entities. Defendants maintain that the language of § 1445(a) requires that the "civil action" as a whole—as opposed to particular claims in the action—be against a railroad. They contend that the removal bar is inapplicable in this action because Plaintiffs have brought claims against two defendants that are not "railroads," namely, CTEH and RAE Systems.[3]

Other than pointing to the language of the statute, Defendants do not cite to any authority to support this proposition. Section 1445(a) does not specifically require that all claims be against railroads, but rather that the civil action be "against a railroad or its receivers or trustees." We cannot conclude, based on a plain reading of the statute, that Plaintiffs have taken this action outside of § 1445(a)'s scope by bringing related negligence claims against non-railroad defendants. Other courts have rejected similar arguments. *See Anderson v. Union Pac. R.R. Co.*, 200 F. Supp. 465 (D. Kan. 1962); *Hughes v. Union Pac. R.R. Co.*, 2005 WL 3071676 (D. Or. Nov. 15, 2005). It is sufficient in this instance that Plaintiffs have only asserted FELA claims

---

[3] Under FELA, liability hinges on a party qualifying as a "common carrier by railroad." 45 U.S.C. § 51. The Supreme Court has defined a "common carrier by railroad" to mean "one who operates a railroad as a means of carrying for the public—that is to say, a railroad company acting as a common carrier." *Wells Fargo & Co. v. Taylor*, 254 U.S. 175, 187 (1920). It is undisputed that CTEH is an environmental consulting firm, and RAE Systems manufactures gas monitoring devices. Therefore, they cannot fit within the definition of "railroad." Further, Plaintiffs have not brought claims against these entities under FELA.

against the Railroad Defendants, and that the negligence claims against the non-railroad defendants arise out of the same events that serve as the basis of Plaintiffs' FELA claims.

Defendants next argue that Plaintiffs have fraudulently pleaded FELA claims to avoid removal. Defendants contend that Plaintiffs cannot maintain a cause of action under FELA because they were not "employed" by a railroad, which is a prerequisite to liability. 45 U.S.C. § 51. "[T]he words 'employee' and 'employed' in [FELA] [are] used in their natural sense, and were intended to describe the conventional relation of employer and employe [sic][,]" namely, a "master-servant" relationship "to be determined by reference to common-law principles." *Kelley v. Southern Pac. Co.*, 419 U.S. 318, 323 (1974) (internal marks and citations omitted). Thus, an injured worker may show that a rail carrier, while not directly employing him, still exercised such control over his employment that he should be considered "employed" by the carrier for FELA purposes. *Id.* The Supreme Court has held that, under the common law,

> there are basically three methods by which a plaintiff can establish his "employment" with a rail carrier for FELA purposes even while he is nominally employed by another. First, the employee could be serving as the borrowed servant of the railroad at the time of his injury. Second, he could be deemed to be acting for two masters simultaneously. Finally, he could be a subservant of a company that was in turn a servant of the railroad.

*Id.* at 324 (internal citations omitted).

While it is undisputed that Plaintiffs were employed by Corman on the date of the incident, Defendants contend that Corman is not a "railroad," as that term is defined under FELA. Plaintiffs, however, allege that they were also employed by the Railroad Defendants as "borrowed servants" or, in the alternative, as subservants of Corman who was in turn a servant of the Railroad Defendants at the time of the incident. (Compl., DN 1-1). Thus, Plaintiffs seek to

establish their "employment" with the Railroad Defendants under the first and third methods described in *Kelley*.

Defendants argue that the court should pierce the pleadings to determine if Plaintiffs were, in fact, employed by a railroad. They argue that extrinsic evidence will show that only CSXT and P&L Railway qualify as "common carriers by railroad" and that Plaintiffs were not "employed" by either entity. Defendants cite to a case from the Sixth Circuit for the proposition that a district court, in deciding a motion to remand, may pierce the pleadings and consider summary judgment-type evidence to "determin[e] whether there are 'undisputed facts that negate the claim.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 955–56 (6th Cir. 2011)). In that case, the defendant alleged that a non-diverse party had been fraudulently joined. *Id.* However, in the instant action Defendants have alleged the fraudulent pleading of a claim. Defendants have not provided any authority that would extend this "piercing of the pleadings" standard to a motion involving allegations of fraudulent pleading.

Further, we find that Plaintiffs' allegations that they were acting either as borrowed employees or subservants of a railroad satisfy the pleading requirements of Federal Rule of Civil Procedure 8. In making this determination, we are persuaded by a decision rendered by the United States District Court for the Eastern District of Kentucky. In *Tucker v. CSX Transp., Inc.*, the plaintiff filed an action in Perry County, Kentucky, Circuit Court seeking damages against the defendant railroad under FELA. 2007 WL 293862, *1 (E.D. Ky. Jan. 26, 2007). The defendant removed the action to the Eastern District of Kentucky and moved for summary judgment on the ground that the plaintiff failed to state a claim for relief under FELA because he was not a "loaned" or "borrowed servant" of a railroad. *Id.* The plaintiff then moved to remand,

asserting the removal bar of § 1445(a). *Id.* The court, in ruling on the motion, found the plaintiff's allegations regarding his employment status were sufficient to allege a claim under FELA. *Id.* at *2–3. Having made that determination, the court held that it was "without authority to otherwise address the merits of the Defendant's contention that [the plaintiff] has not stated a FELA claim[.]" *Id.* at *3.

Similarly, the issue of whether Plaintiffs were, in fact, borrowed employees or subservants of the Railroad Defendants is not properly before the court on this motion to remand. For the purposes of this motion, Plaintiffs' allegations that they were "employed" by a railroad as borrowed servants or subservants are sufficient to state a claim under FELA. Therefore, we reject Defendants' arguments regarding fraudulent pleading of the FELA claims.

Having determined that Plaintiffs have properly pleaded FELA claims so as to invoke the removal bar of 28 U.S.C. § 1445(a), we need not address whether the forum-defendant rule of 28 U.S.C. § 1441(b)(2) would act as an additional bar to removal.[4] We will also deny Plaintiffs' request for fees and costs of removal under 28 U.S.C § 1447 because Defendants had an objectively reasonable basis for removal. *Martin v. Franklin*, 546 U.S. 132 (2005).

### III.

Defendants have also filed a motion to dismiss Suit II or, in the alternative, to transfer the action to Judge Russell. (DN 45). However, during the pendency of this motion, Judge Russell granted Plaintiffs' motion to voluntarily dismiss Suit I without prejudice. (Suit I, DN 81). In light of the foregoing, Defendants' motion to dismiss or transfer the instant action is moot.

Therefore, for the reasons stated above, the court will grant Plaintiffs' motion to remand the action to Jefferson Circuit Court, Division Twelve (DN 18), and deny Defendants' motion to

---

[4] Plaintiffs argue in their motion to remand that Defendants were barred from removing the action pursuant to 28 U.S.C. § 1441(b)(2) because Defendant P&L Railway is a citizen of Kentucky.

dismiss (DN 45). A separate order and judgment will be entered in accordance with this Memorandum Opinion.

May 23, 2014

Charles R. Simpson III, Senior Judge
United States District Court